IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP MIZRACH, *pro se*, as Successor     *
Personal Representative of the Estate of
Abraham I. Kurland, Deceased,     *

       Plaintiff,     *

       v.     *       Civil Action Nos.: RDB-11-1153
                                      (*Mizrach II*); AMD-08-2030 (*Mizrach I*)
UNITED STATES OF AMERICA,     *

       Defendant.     *

   *      *      *      *      *      *      *      *      *      *      *      *

## MEMORANDUM ORDER

Plaintiff Phillip Mizrach ("Plaintiff" or "Mizrach"), as successor personal representative of the estate of Abraham I. Kurland ("Kurland"), deceased, has filed two survival actions in this Court, proceeding *pro se*, against the United States of America ("Defendant" or "the Government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.,* captioned AMD-08-2030 (*Mizrach I*) and RDB-11-1153 (*Mizrach II*).[1] Both cases are now closed. On November 12, 2015, Judge William D. Quarles[2] of this Court entered a Memorandum Opinion (ECF No. 55) and Order (ECF No. 56), docketed in *Mizrach II*[3], denying Plaintiff's Motion (1) to allow supplemental pleading to be filed in *Mizrach I* and for the Complaint in that case to be retroactively amended, pursuant to Rule 15 of the Federal Rules of Civil Procedure; (2) for relief from Judgment in both *Mizrach I*

---

[1] As explained *infra*, both cases allege negligence by Baltimore Veterans Affairs Medical Center ("VA Hospital") staff in their treatment of Kurland shortly before his death.

[2] *Mizrach II* was initially assigned to Judge William D. Quarles, captioned WDQ-11-1153, but, upon Judge Quarles' retirement, was reassigned to the undersigned Judge Richard D. Bennett on January 22, 2016 and re-captioned RDB-11-1153.

[3] All references to ECF document numbers are from Civil Case No. RDB-11-1153, unless otherwise noted.

and *Mizrach II*, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure; and (3) to reopen and consolidate both cases (ECF No. 44). Plaintiff subsequently filed the presently pending Motion to Alter Judgment (ECF No. 57) and Motion to Correct Clerical Error (ECF No. 65). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Plaintiff's Motion to Alter Judgment (ECF No. 57) is DENIED, and Plaintiff's Motion to Correct Clerical Error (ECF No. 65) is also DENIED[4].

## BACKGROUND

The background facts of this action have been fully set forth in Judge Quarles' Memorandum Opinion of November 12, 2015 (ECF No. 55), *Mizrach v. United States*, No. WDQ-11-1153, 2015 WL 7012658, at *1-2 (D. Md. Nov. 12, 2015). Therefore, only a summary is included herein. On April 14, 2003, Abraham I. Kurland ("Kurland") was admitted to the Baltimore Veterans Affairs Medical Center ("VA Hospital") for treatment of a urinary tract infection and gastrointestinal problems. *Mizrach*, 2015 WL 7012658 at *1. However, the source of Kurland's abdominal problems was neither identified nor treated and, on May 3, 2003, he died. *Id.*

On May 2, 2005, Kurland's sister, and personal representative of his estate, filed an administrative tort claim with the Department of Veterans Affairs (the "VA"), alleging that Kurland's medical providers had negligently caused his death. *Id.* On February 7, 2008, the VA issued a final decision denying that claim and informing Kurland's sister of her right to

---

[4] The pending motions are also docketed in *Mizrach I*, AMD-08-2030, as Motion to Alter Judgment (AMD-08-2030, ECF No. 58) and Motion to Correct Clerical Error (AMD-08-2030, ECF No. 65). Accordingly, Motion to Alter Judgment (AMD-08-2030, ECF No. 58) and Motion to Correct Clerical Error (AMD-08-2030, ECF No. 65) are also DENIED.

bring a civil suit under the Federal Tort Claims Act ("FTCA") within the next six months. *Id.* On August 5, 2008, two days before that six month deadline, Kurland's nephew Phillip Mizrach ("Plaintiff" or "Mizrach")[5] filed a survival action in this Court, *pro se*, against the United States of America ("Defendant" or "the Government"), pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 267, *et seq.*, alleging negligence by the VA Hospital staff in their treatment of Kurland. *Id.* That case, *Mizrach v. United States*, AMD-08-2030 (*Mizrach I*), was assigned to Judge Andre M. Davis, formerly of this Court.[6] *Id.* However, Judge Davis dismissed the case without prejudice on February 17, 2009 for failure to exhaust Maryland state administrative prerequisites[7], and denied Mizrach's subsequent Motion to Alter the Judgment. *Id.* The United States Court of Appeals for the Fourth Circuit affirmed Judge Davis' ruling in a Judgment that took effect on February 3, 2010, *Mizrach v. United States*, 334 F. App'x 571, 572 (4th Cir. 2009) (unpublished) (per curiam). *Id.*

Mizrach proceeded to fulfill his administrative prerequisites and, on March 2, 2011, Maryland's ADR Office issued an order allowing Mizrach to file his claim in federal court. *Id.* at 2. Two months later, on May 2, 2011, he filed the present action, *Mizrach v. United States*, WDQ-11-1153[8] (*Mizrach II*), in this Court, *pro se*, pursuant to the FTCA, again alleging negligence on the part of VA Hospital medical providers. *Id.* The Government moved to

---

[5] Kurland's sister died on October 31, 2006, and Mizrach became personal representative of Abraham I. Kurland's estate. *Id.*

[6] On November 10, 2009, Judge Andre M. Davis was commissioned as a Judge of the United States Court of Appeals for the Fourth Circuit.

[7] Pursuant to Maryland's Health Care Malpractice Claims Act, MD. CODE ANN., CTS. & JUD. PROC. §§ 3-2A-01, *et seq.*, Mizrach was required to present his claims to Maryland's Health Claims Alternative Dispute Resolution Office ("Maryland ADR Office") and file an expert's certificate that Kurland's medical providers had departed from the standard of care, prior to filing suit in this Court. *Id.*

[8] As stated *supra*, this case was initially assigned to Judge William D. Quarles, but has since been reassigned to the undersigned Judge Richard D. Bennett and re-captioned RDB-11-1153.

dismiss this action under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction (ECF No. 10), while Mizrach moved to reopen *Mizrach I* and consolidate it with *Mizrach II* (ECF No. 14). Via Order dated February 7, 2012 (ECF No. 29), *Mizrach v. United States*, No. WDQ-11-1153, 2012 WL 414806 (D. Md. Feb. 7, 2012), Judge Quarles granted the Government's Motion to Dismiss and denied Mizrach's Motion to Reopen and Consolidate. *Id.* In an accompanying Memorandum Opinion, Judge Quarles concluded that Mizrach's action was untimely because it was filed after the FTCA's six month deadline and that Maryland statutes of limitations, which would have been more favorable to Mizrach, did not apply. *See Mizrach*, 2012 WL 414806 at *3-4. Judge Quarles further concluded that the FTCA's time limit was jurisdictional but that, even if it was not, Mizrach would not be entitled to equitable relief. *Id.* at 4-5. Judge Quarles found that Mizrach had failed to exercise due diligence in preserving his legal rights and rejected his contention that the Government had acted improperly by failing to inform him of Maryland's administrative prerequisites in the initial right to sue letter *Id.* Judge Quarles also denied Mizrach's subsequent Motion to Alter the Judgment (ECF No. 30), *Mizrach v. United States*, No. WDQ-11-1153, 2012 WL 2861367 (D. Md. July 10, 2012), and the Fourth Circuit affirmed Judge Quarles' ruling in a judgment that took effect on December 11, 2013, *Mizrach v. United States*, 539 F. App'x 284 (4th Cir. 2013) (unpublished) (per curiam).

Over a year later, Mizrach filed a Motion (1) to allow supplemental pleading to be filed in *Mizrach I* and for the Complaint in that case to be retroactively amended pursuant to Rule 15 of the Federal Rules of Civil Procedure; (2) for relief from Judgment in both *Mizrach I* and *Mizrach II*, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure; and (3) to

reopen and consolidate both cases (ECF No. 44).   Judge Quarles denied that Motion, in its entirety, on November 12, 2015.   *See* Order, ECF No. 56; *Mizrach*, 2015 WL 7012658. Plaintiff now moves this Court to alter Judge Quarles' Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.   *See* Mot. to Alter, ECF No. 57.

## STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a United States District Court to alter, amend, or vacate a prior judgment.   Fed. R. Civ. P. 59(e).   The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.   *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n. 8 (4th Cir. 2008).   Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).   In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).   Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted).   "In general, reconsideration of a judgment after its

entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## ANALYSIS

**I.      Judge Quarles Correctly Denied the Underlying Motion (ECF No. 44), in its Entirety, for the Reasons Set Forth in *Mizrach v. United States*, No. WDQ-11-1153, 2015 WL 7012658 (D. Md. Nov. 12, 2015)**

Via Order dated November 12, 2015 (ECF No. 56), Judge Quarles denied Plaintiff's Motion (1) to allow supplemental pleading to be filed in *Mizrach I* and for the Complaint in that case to be retroactively amended pursuant to Rule 15 of the Federal Rules of Civil Procedure; (2) for relief from Judgment in both *Mizrach I* and *Mizrach II*, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure[9]; and (3) to reopen and consolidate both cases (ECF No. 44).  Judge Quarles explained his reasoning in an accompanying Memorandum Opinion (ECF No. 55), *Mizrach v. United States*, No. WDQ-11-1153, 2015 WL 7012658, at *3-6 (D. Md. Nov. 12, 2015).

The first issue facing Judge Quarles was whether it was even possible for him to grant relief in *Mizrach I* without first re-opening *Mizrach II* and vacating his ruling that Plaintiff's action was untimely and that equitable tolling was not warranted.  That is, whether vacating the holding in *Mizrach II* was a necessary prerequisite to granting Plaintiff's additional requests in the underlying motion.  The Government argued that, if Plaintiff was "not

---

[9] Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

6

entitled to Rule 60(b) relief, there [was] no basis to reopen and consolidate the cases or permit a supplemental pleading and amendment in *Mizrach I*." *Mizrach*, 2015 WL 7012658 at *3. Plaintiff objected that "Rule 15 relief is independent from Rule 60(b) relief because '[t]he consideration and intent is different under each Rule.' " *Id.* (citing Pl. Reply, p. 2, ECF No. 54). After considering both arguments, Judge Quarles concluded that this Court could not grant any relief with respect to *Mizrach* I "unless it vacate[d] its ruling in *Mizrach II* that equitable tolling was not available under the FTCA, and it lacked subject matter jurisdiction over the suit." *Id.* Judge Quarles distinguished the present case from *Laber v. Harvey*, 438 F.3d 404, 427-28 (4th Cir. 2006), *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470-71 (4th Cir. 2011), and other prior cases discussing Rule 60(b) and Rule 15 relief. *Id.* at 3, n. 14. While those cases "involved relatively simpler circumstances in which courts dismissed a complaint in one suit, and the plaintiffs then filed a motion to alter the judgment and amend the complaint *in that suit*," the Plaintiff in the present case "[sought] to amend the complaint in *Mizrach I*—a suit that ha[d] not been assigned to or consolidated before this Court." *Id.* Therefore, "issues of reopening and consolidating the suits before this Court, and amending the complaint in *Mizrach I*" would only become relevant if Judge Quarles first vacated his ruling that this Court lacked subject matter jurisdiction over *Mizrach II*. *Id.* Judge Quarles further explained the situation as follows:

> To avoid the FTCA time bar, Mizrach needs this Court to equitably toll the statute of limitations while he complied with Maryland's Health Care Malpractice Claims Act and consolidate the suits. Tolling the statute of limitations is insufficient; when Mizrach filed *Mizrach I*, he had three days remaining under the FTCA's six-month time bar. *See* ECF No. 1, Ex. A (VA's February 7, 2008 final claim denial); *Mizrach I*, ECF No. 1 (complaint filed August 5, 2008). On March 2, 2011, the Maryland ADR Office issued its order transferring the case to federal court. *See* ECF No. 1, Ex. D. However,

Mizrach waited two months to initiate *Mizrach II*, far exceeding the three days he had left under the FTCA time bar. *See* ECF No. 1 (complaint filed May 2, 2011). *Id.* at 3, n. 15.

Having determined that Plaintiff's request for Rule 60(b) relief from the judgment dismissing *Mizrach II* was potentially dispositive of the entire underlying motion, Judge Quarles proceeded to determine whether Plaintiff was in fact entitled to Rule 60(b) relief. *Id.* at 4-5. Plaintiff requested that Judge Quarles vacate his prior judgment in light of the United States Supreme Court's intervening decision in *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015), holding that Federal Tort Claims Act time limits were non-jurisdictional and subject to equitable tolling. *Id.* Plaintiff claimed that *Kwai Fun Wong* dictated reversal of Judge Quarles' prior order dismissing his complaint for untimeliness. *Id.* However, *Kwai Fun Wong* "did not change the general rule that equitable tolling requires a movant to have diligently pursued his rights." *Id.* In his previous opinion dismissing Plaintiff's action, Judge Quarles held that the FTCA's time limit was jurisdictional, but also concluded that, even if it was not jurisdictional, Plaintiff was not eligible for equitable tolling. Judge Quarles concluded that Plaintiff was not entitled to equitable tolling because of his failure to exercise due diligence in preserving his legal rights and because no government misconduct had occurred. *Id.* Furthermore, Judge Quarles noted that "a new rule of federal law retroactively applies only to 'cases still open on direct review.' " *Id.* (quoting *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993); *Etape v. Chertoff*, 497 F.3d 379, 388 (4th Cir. 2007)). When the Supreme Court decided *Kwai Fun Wong*, *Mizrach II* was closed and all appeals had been exhausted. Therefore, Judge Quarles held that Plaintiff was not entitled to Rule 60(b) relief

in *Mizrach II*.  Accordingly, he denied Plaintiff's request for Rule 60(b) relief in *Mizrach II*

and, for the reasons outlined *supra*, denied as moot Plaintiff's additional requests.

## II.    Plaintiff Has Failed to Present New Evidence, Point to An Intervening Change in Law, or Demonstrate that Altering Judge Quarles' Judgment Would Correct a Clear Error of Law or Prevent Manifest Injustice

Plaintiff now moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure,

to alter Judge Quarles' Order (ECF No. 56) denying Plaintiff's underlying Motion.  Mot. to

Alter, ECF No. 57.  In support of the pending Motion to Alter (ECF No. 57), Plaintiff raises

several arguments.  *Id.* at 3-5.  However, as explained herein, Plaintiff points to no

"intervening change in controlling law," presents no "new evidence not available at trial,"

nor would the relief that Plaintiff requests "correct a clear error of law or prevent manifest

injustice."  *See, e.g., Gagliano*, 547 F.3d at 241 n. 8.  Accordingly, the "extraordinary remedy"

that Plaintiff requests, *see Pac. Ins. Co.,* 148 F.3d at 403, is not warranted.

Plaintiff first objects that Judge Quarles failed to consider some of the arguments he

raised in support of the underlying motion, including "lack of jurisdiction for use of

Maryland's process," "preemption," "breach of fiduciary responsibility," "lack of a stay," and

"application of Maryland law on filing date from arbitration filing date."  Mot. to Alter, p. 3,

ECF No. 57.  However, Plaintiff presents no new evidence related to these arguments, nor

does he cite any intervening change in the law.  He simply seeks to re-litigate arguments

already considered, and rejected, by Judge Quarles in an earlier opinion.  Nearly all of the

arguments Plaintiff cites were rejected by Judge Quarles in his February 7, 2012 opinion,

which was subsequently affirmed by the United States Court of Appeals for the Fourth

Circuit.[10]  *See Mizrach*, 2012 WL 414806, at *1-3, *aff'd* 539 F. App'x 284 (4th Cir. 2013).

Plaintiff has failed to demonstrate that Judge Quarles' decision not to re-address these

arguments in ruling on the underlying motion amounts to a clear error of law or manifest

injustice.  Therefore, Plaintiff's first argument fails.

Additionally, Plaintiff argues that his Rule 15 requests for supplemental pleading and

retroactive amendment of *Mizrach I* should not have been denied as moot simply because

Judge Quarles held that he was not entitled to relief under Rule 60(b) in *Mizrach II*.  Mot. to

Alter. at 3-4.  This issue was thoroughly discussed in Judge Quarles' opinion dismissing the

underlying motion, summarized *supra*.  As Judge Quarles explained, the question of whether

or not *Mizrach I* could be amended was irrelevant unless there was a basis to reopen *Mizrach

II*, in which he considered, and rejected, Plaintiff's arguments for equitable tolling.  In order

to comply with the FTCA's six month time limit, Plaintiff must rely on equitable tolling,

which was raised for the first time in *Mizrach II*, and was only addressed in Judge Quarles'

rulings in *Mizrach II*.  Without a basis to re-open *Mizrach II* and find that equitable tolling is

warranted, amendments to the pleadings in *Mizrach I* are futile.  Plaintiff fails to present new

evidence or point to an intervening change in law as to this question, but simply seeks to re-

argue the issue.  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise

arguments or present evidence that could have been raised prior to entry of judgment."  *Pac.

Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, et al.,

---

[10] While Judge Quarles did not explicitly address the "lack of a stay" in this case in his February 7, 2012 opinion, he did note that "[o]n February 17, 2009, then District Judge Andre Davis denied Mizrach's motion to stay the proceedings."  *Mizrach I*, AMD-08-2030, ECF Nos. 20-21.  Plaintiff argued his request for a stay in *Mizrach I*, *see* Mot. to Stay, ECF No. 7, and Judge Davis rejected his arguments.  Plaintiff now raises no new evidence in support of a stay, cites no intervening change in the law, and fails to demonstrate how Judge Quarles' failure to reconsider this settled issue in denying the underlying motion constitutes a clear error of law or manifest injustice.

Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). Therefore, Plaintiff's second argument fails.

Plaintiff further contends that he was diligent in bringing suit and that defense counsel breached their ethical "duty not to mislead" by failing to advise Mizrach of the administrative prerequisites to his bringing a claim in this Court. *Id.* at 4-5. Therefore, he argues, "the Defendant is barred by equitable grounds from opposing a filing" in this Court. *Id.* As stated *supra*, Judge Quarles specifically addressed the question of Government counsel's duty to inform Plaintiff of his obligations under Maryland law in his February 7, 2012 opinion. *See Mizrach*, 2012 WL 414806, at *4 (" 'To estop the Government, a party must show affirmative misconduct by government agents.' This is a 'rigorous' standard, which requires more than a showing that 'a government agent misinformed [the party] of the proper method of filing a complaint.' Mizrach's allegation that the Government misinformed him of the prerequisites to filing suit is not 'a proper basis for estoppel.' [citing *Austin v. Winter*, 286 F. App'x 31, 38 (4th Cir. 2008)]. Mizrach also has not shown that the Government committed fraud. Under federal law, 'fraud is the knowing misrepresentation of a material fact, or concealment of the same where there is a duty to disclose, done to induce another to act to his or her detriment.' Here, the Government had no duty to inform Mizrach of the requirements of Maryland's Health Care Malpractice Claims Act. Federal regulations required only that, in denying an administrative claim, the VA inform a claimant of his right to file a lawsuit 'in an appropriate U.S. District Court not later than 6 months after the date' of the denial. 28 C.F.R. § 14.9(a). The VA did this. [citing Compl., Ex. A].").
Again, Plaintiff has cited no intervening change in law nor new evidence that suggests this

Court should overturn Judge Quarles' previous ruling.  Judge Quarles' holding is well-supported by the record in this case and by the relevant case law.  Accordingly, Plaintiff's argument fails.

Finally, Plaintiff contends that Judge Quarles misused *Katyle v. Penn. Nat Gaming, Inc.* 637 F.3d 462 (4th Cir. 2011), a case affirming an order by Judge Messitte of the Court that denied a Motion for Leave to Amend a Complaint under Rule 15 of the Federal Rules of Civil Procedure.  Mem. Supp. Mot. to Alter, p. 4, ECF No. 57-1.  Plaintiff seeks to distinguish that case, arguing that, while the proposed amendment in *Katyle* "did not cure the defect" in the complaint, his amendment would cure any defect in *Mizrach I*.  *Id.*  He argues that the supplemental pleading he would file would completely cure the defect in *Mizrach I*, his failure to comply with Maryland's administrative claims process.  However, as Judge Quarles explained in his opinion denying the underlying motion, *Mizrach II* must be reopened at least for the purpose of consolidation because Plaintiff did not satisfy the state malpractice filing requirements until *after Mizrach* I was dismissed. Additionally, Plaintiff must rely on equitable tolling which was raised for the first time in *Mizrach II*, which is also only addressed in the ruling for *Mizrach II*.  Judge Quarles correctly concluded that his ruling in *Mizrach II* must be vacated before any Rule 15 relief can be afforded in *Mizrach I*. Therefore, Plaintiff's argument fails.

Judge Quarles correctly dismissed *Mizrach II,* and Judge Davis correctly dismissed *Mizrach I*.  This Court need not revisit those decisions. Without the Plaintiff providing new evidence, pointing to an intervening change in law, or otherwise satisfying Rule 59, this Court need not reopen *Mizrach II* and disturb the Fourth Circuit's mandate affirming Judge

Quarles' dismissal of this case.  Therefore, Plaintiff's Motion to Alter Judgment (ECF No. 57) is DENIED.[11]

## **CONCLUSION**

For the reasons stated above, it is this 13th day of April, 2016, ORDERED that:

1.    Plaintiff's Motion to Alter Judgment (ECF No. 57), docketed in RDB-11-1153, is DENIED;

2.    Plaintiff's Motion to Alter Judgment (ECF No. 58), docketed in AMD-08-2030, is DENIED;

3.    Plaintiff's Motion to Correct Clerical Error (ECF No. 65), docketed in RDB-11-1153, is DENIED;

4.    Plaintiff's Motion to Correct Clerical Error (ECF No. 65), docketed in AMD-08-2030, is DENIED;

5.    The Clerk of this Court transmit a copy of this Memorandum Order to the Plaintiff and Counsel of record; and

6.    This case shall remain closed.


_____/s/_____

Richard D. Bennett
United States District Judge


---

[11] In Plaintiff's Motion to Correct Clerical Error (ECF No. 65), Plaintiff requests that *Mizrach I*, AMD-08-2030, be reassigned to the undersigned Judge Richard D. Bennett.  However, in ruling on the underlying motion, which concerned both *Mizrach I* and *Mizrach II*, Judge Quarles did not see fit to request re-assignment of *Mizrach I*.  *See Mizrach*, 2015 WL 7012658, at *3 (observing that *Mizrach I* "has not been assigned to or consolidated before this Court.").  Additionally, *Mizrach I* is a closed case, and all avenues of appeal have been exhausted.  For the reasons stated in this Memorandum Order, it will remain closed. Therefore, there is no need to re-assign *Mizrach I* to the undersigned Judge Richard D. Bennett.  Accordingly, Plaintiff's Motion to Correct Clerical Error (ECF No. 65) is DENIED.